IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **JEFF BROWN**<br>**ADC #080026** | **PLAINTIFF** |
| v. | Case No. 4:22-cv-00356-LPR |
| **SOLOMON GRAVES,**[1] **et al.** | **DEFENDANTS** |

**ORDER**

Plaintiff Jeff Brown,[2] who is serving a life sentence at the Tucker Unit of the Arkansas Division of Correction, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that he has wrongly been denied parole.[3] On November 8, 2022, I granted Mr. Brown's motion to proceed *in forma pauperis* and initially screened his Complaint.[4] While finding that Mr. Brown had not shown that the Arkansas Parole Board's parole-eligibility-review procedures violated the law, I gave him thirty days to file an Amended Complaint should he wish to do so.[5] Mr. Brown has filed his Amended Complaint, which is ripe for screening.[6]

**I.     Screening**

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] The Clerk of the Court is directed to update the docket sheet to reflect that Joe Profiri has replaced Solomon Graves as the ADC Cabinet Secretary. FED. R. CIV. P. 25(d).

[2] Mr. Brown entered a negotiated plea of guilty to first-degree murder on May 18, 1982 and was sentenced to life imprisonment. *See Brown v. State*, 2023 Ark. 27.

[3] Compl. (Doc. 1).

[4] Order (Doc. 6).

[5] *Id.*

[6] Am. Compl. (Doc. 9); 28 U.S.C. § 1915A.

granted; or (2) seeks monetary relief against a defendant who is immune from such relief.[7] Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief above a speculative level.[8] A *pro se* complaint is construed liberally, but it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.[9]

## II. Mr. Brown's Claims

In his Amended Complaint, Mr. Brown realleges verbatim his initial arguments, adds individual capacity damages claims against the Defendants, reiterates his belief that he was entitled to parole when he reached his "minimum flat date," and reargues that the application of harsher guidelines to him violated *ex post facto* laws.[10] In screening Mr. Brown's initial Complaint, I dismissed his official capacity claims for damages against Defendants, denied his request for injunctive relief, and rejected his argument that his <u>eligibility</u> for parole in any way <u>guaranteed</u> parole.[11] For the reasons set out in the initial screening order, I again dismiss these claims without prejudice.[12]

Just as his official capacity claims were dismissed, so are Mr. Brown's individual capacity claims. Mr. Brown has not only failed to demonstrate that he suffered a constitutional violation, but he has failed to identify how any of the defendants were personally responsible for the alleged

---

[7] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

[8] *See* FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." (alteration in original)).

[9] *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[10] Am. Compl. (Doc. 9) at 8.

[11] Order (Doc. 6).

[12] *Id.*

violation.[13]  Accordingly, Mr. Brown's individual capacity claims for damages are dismissed without prejudice.  In reviewing Mr. Brown's original *ex post facto* argument that "a person must be released when his minimum release date arrives if he is class 2 or above,"[14] I found that Mr. Brown had inadequately shown that he had been subjected to unconstitutionally harsh guidelines.[15] Nevertheless, I allowed Mr. Brown a chance to amend his Complaint—instructing him that he must provide "non-conclusory factual allegations that the Arkansas Parole Board is applying harsher guidelines than it was in 1982."[16]  His amendment fails to state a viable claim.

As a reminder, Mr. Brown has twice appeared before the Arkansas Parole Board—once in 2017 and again on March 5, 2020.[17]  At each hearing, Mr. Brown received a two-year denial of his request for parole.[18]  It is this denial with which Mr. Brown takes issue.  Mr. Brown claims that the Arkansas Parole Board's procedures—as applied to him—violate the constitution.[19]  In his Amended Complaint, Mr. Brown states that, "mandatory parole was the parole boards only legal option."[20]  In short, Mr. Brown believes that the 25-year minimum sentence set out in the Fair Sentencing of Minors Act was, in fact, a mandatory release date when considered together with his belief that he had also reached "class 2 or above."[21]  Accordingly, because Mr. Brown had served in excess of 25 years when the Act was passed, he believes his parole hearing was nothing more than a formality as he was absolutely entitled to immediate release.  He further suggests,

---

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Royster v. Nichols*, 698 F.3d 681, 692 (8th Cir. 2012).

[14] Order (Doc. 6) at 5.

[15] *Id.*

[16] *Id.* at 6.

[17] Am. Compl. (Doc. 9) at 5.

[18] *Id.*

[19] *Id.* at 5–6.

[20] *Id.* at 7.

[21] *Id.* at 8.

with no factual support, that the Arkansas Parole Board must have incorrectly relied on another parole statute when it denied his parole.[22] Mr. Brown, however, has neither shown that his punishment has increased nor has he made an adequate showing that the Arkansas Parole Board's procedures violated his rights.

With the adoption of the Fair Sentencing of Minors Act,[23] Mr. Brown became parole eligible—meaning he would have the opportunity to appear before the Arkansas Parole Board and be considered for parole—once he served 25 years. That Mr. Brown had served far longer than 25 years when the statute was enacted is of no special benefit to Mr. Brown. The statute provides the right to a hearing. It does not provide the right to parole. Mr. Brown also has not shown that the Arkansas Parole Board violated any of its procedures in twice denying Mr. Brown parole. Despite Mr. Brown's additional explanations in his Amended Complaint, he offers nothing new to support his *ex post facto* argument. Instead, he repeats his belief that the Arkansas Parole Board misapplied the law to him. Because Mr. Brown did not cure the deficiencies identified with his original Complaint, it and his Amended Complaint will be dismissed without prejudice.[24]

---

[22] *Id*. at 7. Mr. Brown suggests the Arkansas Parole Board had to have erroneously relied on Ark. Code Ann. § 16-93-701. This section of the code establishes the Parole Board's parameters and authority to grant parole and is inconsequential to Mr. Brown's argument that the Board misapplied its procedures to him.

[23] Ark. Code Ann. § 16-93-621.

[24] In an Addendum and Motion for Subpoena, Mr. Brown provides factual support that he was injured by another inmate and treated for those injuries in an area hospital. Addendum (Doc. 10); Mot. for Subpoena (Doc. 12). These documents, however, do not pertain to his present parole allegations, and Mr. Brown has offered no explanation for why he provides them. Mr. Brown cannot circumvent the filing fee requirement by joining unrelated claims. FED. R. CIV. P. 21. The Clerk is directed to send Mr. Brown a blank § 1983 complaint and IFP application should he wish to separately pursue claims arising from his injury or treatment. Accordingly, Mr. Brown's Motion for Subpoena (Doc. 12) is denied as moot.

### III. Conclusion

It is, therefore, ORDERED that:

1. Mr. Brown's Complaint and Amended Complaint are DISMISSED without prejudice for failure to state a claim.

2. Mr. Brown's Motion to Appoint Counsel (Doc. 7) and Motion for Subpoena (Doc. 12) are denied as moot.

3. The Court recommends to future jurists that this dismissal count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 2nd day of June 2023.

                                                    LEE P. RUDOFSKY  
                                                    UNITED STATES DISTRICT JUDGE